**SHULMAN RECORD CO., INC.**

v.

**NEW PLAN REALTY TRUST.**

Civ. A. No. 84–3239.

United States District Court,
E.D. Pennsylvania.

Oct. 30, 1984.

William Goldstein, Greenstein, Gorelick, Price, Silverman & Laveson, Philadelphia, Pa., for plaintiff.

Mark E. Kogan, Abramson, Cogan, Kogan, Freedman & Blackman, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

This is a contract action between Shulman Record Co., Inc., a Pennsylvania corporation, and New Plan Realty Trust, a Massachusetts business trust. New Plan

Realty Trust has filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction on the ground that many of the shareholders/beneficiaries of the defendant trust are Pennsylvania citizens. I will deny the motion.

In *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), the Supreme Court ruled that the individual trustees of a Massachusetts business trust could invoke federal diversity jurisdiction on the basis of their own citizenship "without regard to the citizenship of the trust beneficiaries." 446 U.S. at 466, 100 S.Ct. at 1784. The question raised by defendant's motion is whether *Navarro* requires that only the trustees' citizenship be considered where an express business trust is sought to be held liable because of a lease executed by a person who was not a trustee of the defendant when the lease was executed. I conclude that it does.

The declaration of trust involved in this case gave the defendant's trustees powers virtually identical to those enjoyed by the trustees in *Navarro*. Article II of the trust accords the trustees the "full, absolute and exclusive power, control and authority over the Trust Property, the Trust Estate and the business and affairs of the Trust, to the same extent as if the Trustees were the sole and absolute owners thereof in their own right..." Declaration of Trust of New Plan Realty Trust, Art. II, § 2.1. *Cf. Navarro* 446 U.S. at 459, 100 S.Ct. at 1781. Given the similarity of the instant trust to that described in *Navarro*, I cannot avoid *Navarro*'s conclusion that the trustees are the "real parties to the controversy." 446 U.S. at 465, 100 S.Ct. at 1784. To hold otherwise would permit similar business trusts to invoke as plaintiffs the diversity jurisdiction of a federal court by disregarding the citizenship of its shareholders, but, when named as defendants, to raise the citizenship of the shareholders as a jurisdictional barrier to the same tribunal.

Defendant seeks to distinguish *Navarro* on the ground that the instant controversy involves the liability of the trust as an association whereas *Navarro* involved the power of the trustees. This distinction is not persuasive. The ultimate benefit or burden that results from litigation will affect the trust's shareholders without regard to whether the trustees or the trust itself is named as a party. Moreover, the fine distinction defendant seeks to draw would undermine the relative simplicity of the rule adopted by the *Navarro* Court. *See Navarro*, 446 U.S. at 464 & n. 13, 100 S.Ct. at 1783 & n. 13; *Trent Realty Associates v. First Federal Savings and Loan Association of Philadelphia*, 657 F.2d 29, 32 (3d Cir.1981).

The fact that the transaction at issue was not personally entered into by a trustee does not require a different result. So long as the trustees possess and exercise their ordinary power to manage assets for the benefit of others, the trustees are the real parties to the trust's litigation.

I recognize that this interpretation of *Navarro* requires me to depart from the principle adopted in *Fox v. Prudent Resources Trust*, 382 F.Supp. 81, 92–93 (E.D. Pa.1974), and approved by the Third Circuit Court of Appeals in *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 65 (3d Cir.1978). As Justice Blackmun's dissenting opinion in *Navarro* noted, however, the approach taken by the *Navarro* majority is in conflict with the holding of *Fox* and those decisions that followed it. *Navarro*, 446 U.S. at 466 n. 1, 100 S.Ct. at 1784 n. 1 (Blackmun, J., dissenting).

Thus, in the absence of binding appellate pronouncement that the Supreme Court intended the citizenship of an active, express business trust to depend on the character of the transaction that gave rise to the litigation, I conclude that *Navarro* compels me to look only to the citizenship of the trustees to determine whether diversity jurisdiction exists. Because plaintiff is a citizen of Pennsylvania and none of the trustees are Pennsylvania citizens, diversity jurisdiction exists, and I will accordingly deny defendant's motion.